# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>MICHAEL HALSTEAD,<br><br>        Defendant. | 8:16CR297<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (§ 2255 Motion), ECF No. 36. Defendant Michael Halstead has also submitted a Memorandum of Law in Support of his Motion, ECF No. 37, as well as an Application to Proceed in District Court without Prepaying Fees or Costs, ECF No. 38, and a Motion for Appointment of Counsel, ECF No. 40.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## BACKGROUND

Defendant Halstead pled guilty to Count I of a single count Indictment, charging him with receiving or attempting to receive child pornography, in violation of 18 U.S.C. §

2252A(a)(2). He was sentenced on July 10, 2017, to a term of 60 months incarceration, the statutory mandatory minimum term, to be followed by five years of supervised release. The sentence was consistent with Halstead's plea agreement, entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). See ECF No. 27 at Page ID #52.

Halstead now contends his retained counsel was ineffective, because he failed to raise an affirmative defense under 18 U.S.C. § 2252A(d)(1)-(2), which provides:

> It shall be an affirmative defense to a charge of violating subsection (a)(5) that the defendant—
> (1) possessed less than three images of child pornography; and
> (2) promptly and in good faith, and without retaining or allowing any person, other than a law enforcement agency, to access any image or copy thereof—
> (A) took reasonable steps to destroy each such image[.]

Halstead asserts that he "never received more than three images, and the PSI is clear that no images were found on any device I owned or had access to. It is therefore a part of the official record that I deleted these images, as none were found." ECF No. 36, Page ID #101.

## DISCUSSION

To establish ineffective assistance of counsel, Halstead must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id*. at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id*.

2

at 687. "To establish prejudice, the defendant must demonstrate a reasonable probability that the result of the proceeding would have been different, but for counsel's deficiency." *United States v. Luke*, 686 F.3d 600, 604 (8th Cir. 2012).

First, the affirmative defense available under 18 U.S.C. § 2252A(d) applies only to defendants charged under § 2252A(a)(5), for possessing or accessing child pornography, and not those charged under § 2252A(2), for receipt or distribution of child pornography.

Second, Halstead acknowledged receipt of three or more images of child pornography. In his plea agreement, he acknowledged it was true and undisputed that on August 19, 2016, he admitted to law enforcement that he received "'a handful' of images of children engaging in sexual acts with adults," and that he told law enforcement, "[h]e believed he received a total of five images from his Facebook friend." ECF No. 27, at Page ID 51. He also acknowledged that he discussed one of the images of child pornography in a Facebook chat on May 24, 2017. In his Petition to Enter a Plea of Guilty, ECF No. 26, signed on March 31, 2017, he acknowledged that he "received and possessed approximately 8-10 images of child pornography." *Id.* at Page ID 26. At the time of his plea hearing, on April 17, 2017, Halstead swore, under oath, that all the information in the plea petition was true. He also testified that he understood the contents of his plea agreement, that the government would be able to prove the facts set out in the factual basis, and that he was satisfied with the advice given to him by his attorney. Although Halstead now contends he was rushed when signing the plea petition and plea agreement and did not fully understand their contents, the detailed questioning by the Court at the time of the plea hearing established that he

did understand the documents as well as his rights under the Constitution to proceed to a jury trial.

Accordingly, even if the affirmative defense under § 2252A(d) *were* available to Halstead, which it is not, and even if the government's forensic evidence only established Halstead's receipt of two images of child pornography and his participation in the chatroom discussion regarding one of the images, and even if Halstead could demonstrate that he promptly and in good faith took reasonable steps to destroy those images, his admission to the receipt of more images of child pornography would have barred his use of any affirmative defense in 18 U.S.C. § 2252A(d)(1)-(2).

Halstead also notes that his Presentence Investigation Report, ECF No. 31, included a two-level enhancement of his offense level, based on an assumption that he received *at least* ten images of child pornography. He asserts that such an assumption was not supported by the record. If the objection had been raised in a timely manner, it likely would have been granted, and Halstead's sentencing guideline would have been reduced from 78-97 months, to 63-78 months. Because Halstead received a sentence at the statutory mandatory minimum, pursuant to the 11(c)(1)(C) plea agreement, however, the granting of such an objection would have had no practical effect.

Finally, Halstead contends that his lawyer was ineffective because he did not advise Halstead about (1) the possibility of "jury nullification," that is, the potential that a jury would reach a verdict of not guilty, disregarding the evidence and the law, and (2) the possibility of raising a constitutional challenge to § 2252A(b)(1) under the theory that persons charged with receiving child pornography under § 2252A(2) are denied equal protection of the law because they are punished more harshly than persons who are

charged with possession of child pornography under § 2252A(5).  Assuming Halstead is correct that his lawyer did not advise him of the possibility of jury nullification, nor of the possibility of a constitutional challenge to § 2252A(b)(1), the Court cannot conclude that such conduct by counsel was seriously deficient or resulted in prejudice to Halstead.

## CONCLUSION

The Court cannot conclude that Halstead's counsel's performance was outside the wide range of reasonable professional assistance or that he made any errors, let alone those so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment.  Nor can the Court conclude that the result of the proceedings would have been different, but for the alleged deficiencies in counsel's performance.

Accordingly,

IT IS ORDERED:

1. The Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 36, is denied;

2. The Defendant's Application to Proceed in District Court without Prepayment of Fees or Costs, ECF No. 38, is denied as moot;

3. The Defendant's Motion for Appointment of Counsel, ECF No. 40, is denied as moot;

4. A separate Judgment will be entered, denying the § 2255 Motion; and

5. The Clerk will mail a copy of this Memorandum and Order to Defendant at the Defendant's last known address.

Dated this 20th day of June, 2018.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge